RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE ___11/8/11___
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LANDRY BESTER #102247            DOCKET NO. 11-CV-915; SEC. P

VERSUS                          JUDGE JAMES T. TRIMBLE, JR.

F.E. MAINTENANCE, ET AL.        MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff Landry Bester filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the J. Levy Dabadie Correctional Center in Pineville, Louisiana. He complains of conditions of confinement and seeks monetary damages and injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

On August 29, 2011, Plaintiff was ordered to amend and supplement his complaint with additional information necessary to complete and initial review of his claim. His response was due by September 29, 2011. To date Plaintiff has not filed an amended and supplemental complaint.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the Petitioner to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82

S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Because Plaintiff has failed to comply with a court order, **IT IS RECOMMENDED** that his complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

2

Thus done and signed at Alexandria, Louisiana, this 8th day of November, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE